When appellants voluntarily dismissed their first appeal and refiled their motions in district court, they did so with the intent of obtaining a final order on the original motion for return of property and the validity of the warrants. Instead, the matters were re-referred to the original magistrate and over the objections of the appellant, the formal objections, and the appellant's made a request for an Article III court. The objections were overlooked and the Article III court was denied. Judge Huston, instead of hearing the motion, which was the same motion, effectively, that we filed it the first time, denied the motion, finding that the motion was not right and refused to use its equitable powers to hear the motion for return of property and refused to hear the motion for probable cause saying that it wasn't right. Instead, what issued was a denial of the two motions, which finessed the final order on the validity of the warrants. We don't believe that's entirely what happened. We believe that the order of Marilyn Hoff, seven months after the motions were filed, included a final order of that original motion on the warrants and that that final order on that, the motions for the review of the warrants, was actually given in that order of the, on the order and recommendations of Judge Huston, adopted by Marilyn Hoff, is before that court, reviewable by this court, those warrants, which are patently unconstitutional for all of the reasons that we have written in our appeal and which we will go over. We believe that was a final order on those, those, uh... Well, if it goes, if it goes to trial, then you have the motion to suppress that you can raise on appeal, so that's, that's a review. The problem with that, Your Honor, is that it's two and a half years later, it's two years and eight months later, and there's been no indictment. There may never be an indictment. Where is there remedy? Well, you also, theoretically, have a civil remedy, I suppose. There's a Bivens action pending, but the Bivens action depends upon whether or not this court... Why does it? ...finds... Why can't, why can't the court in the Bivens action make its own determination on the sufficiency of the warrants? The court won't do that. The court's already found and has relied upon the underlying action where they found that the court has found these, these warrants valid. These warrants are not valid. Bridges, McGue, Kyle have all found warrants, similar warrants, where there's no crime stated on them, where they are not, where the affidavits are not incorporated by reference in the warrants, and where they are overbroad to be invalid. There is no question that these follow the McGue, Bridges cases, the Kyle cases. They are invalid warrants. They were not served, even the warrant wasn't served on Madonna. The affidavits were not served on either party. They were not incorporated by reference. They're clearly invalid. They're clearly unconstitutional, and the clients are without remedy unless this court gives them a remedy. If they are never indicted, there is no motion to suppress available to them. Their remedy is either in this court or not at all. This court has to. There are two different things. If you're never indicted, you don't need a motion to suppress. You do need the property, presumably, and you do need the property, and it seems to me that they're really two very different considerations. Presumably, you're entitled to your property back if there's no indictment, even if it's a valid search, aren't you? Yes, and they haven't gotten their property back in two and a half years. But you don't have to establish the invalidity of the warrant to do that, do you? Right. But the court did not do that. It's our opinion that the court should have exercised anomalous jurisdiction and did not. Now, and I'm on their finding that it was a valid warrant by carving out new exceptions which are not supported by case law or anything. We don't have before us any finding of the court that it was a valid warrant. Pardon me? We don't have before us any finding of the district court that it was a valid warrant. It just didn't exercise its jurisdiction. Well, you do have a finding that it was a valid warrant. The court carved out new exceptions and found that the warrant was cured by the instruction of the – they found four factors that cured the warrant and made the warrants valid. They found that the officers being instructed by the lead officer beforehand, the officers having the warrant with them, having at least one warrant with them on the day of the search. And the officer being with them, although she wasn't with them for the first hour and a half, cured the invalid warrant. They carved a new exception to the rule. That's not – is that in Judge Huff's opinion? Yes, it is. Where? Because she denies your motion without prejudice. On the excerpt of the record, and it's also cited in our – I'll read it. You don't need to take time with it now. Okay. It's cited in our – Let me move on to a different question. I mean, if we say that these kinds of appeals are allowed in this case, I mean, it strikes me we're going to be flooded with appeals on suppression cases. I mean, if this is a right – if this is – if one may bring this kind of appeal early in a case, I can't imagine that defense attorneys wouldn't avail themselves of taking it up to the district court before trial and up to us. Well, U.S. v. Goodman speaks to why the – why this is a valid appeal, an interlocutory – or it's not even an interlocutory appeal, according to U.S. v. Goodman, who says that there is no criminal case pending, which there is not. Right. Therefore, this is a final decision because it is not a step in the criminal case. It is a final order. And the problem I have with not allowing an appeal is there is no remedy if there isn't a criminal case. Also, she has a business case. She's irreparably injured. In this case, because the business case is specifically suspended, in this case, pending this Court's determination of the warrants. It is specifically pending for that purpose. How do we reach the warrants, though, in this case? Isn't our – isn't our decision confined to whether or not it's ripe or not? We'd have to remand anyway for – to judge how – for that determination, right? I think I – that's possible, or the Court could find that the order included a determination of the warrants. Since it does, it – it included a recommendation – order and recommendation that included adopting all of Judge – excuse me, Judge – Huston's. Huston, thank you. Judge Huston's findings, including those on the warrants, which adopted the finding that the warrants were valid because the defects were secure. I think you're – we're fusing two things. With the recommendation that in the – in the order that you appealed from, the recommendation was that the case – that the challenge to the warrant be denied as unripe. And that's what Judge Huff's order says. The Court finds that Moovan's request for suppression is not ripe. For the suppression, but the problem is that they made a final finding on the warrants that were valid. The other – the other – In the previous – in your previous challenge, is that correct? They didn't do it in this one that I see. But the orders in adoptions did. I don't quite read it that way, but, I mean, if it's a – and if we don't, then where does that leave you? The other – the other option is to find that there was never any jurisdiction in the Court because there was never any adoption, never any agreement to accept the jurisdiction of the magistrate, which we never did. Okay. I think we have your argument at hand. Any further questions? Why don't you save some time for rebuttal, and then we'll hear from the government. May it please the Court. Pardon me. Christopher Tenorio for the United States. Your Honors, there is no jurisdiction to hear this appeal before the present Court. And the reason for that is because, simply, this – the district court did not exercise anomalous jurisdiction. There is no final order from which there can be an appeal. So the decision by the district court – What route does – suppose there's never a prosecution. We haven't seen one yet. How do people get their property back if it's been taken in a search? Well, I think that the Rule 41, formerly E, now 41G, is the proper venue. However, what needs to be done is a showing that either through the factors delineated in Ramsden, that there was government callous disregard for rights in addition to the other – Well, now, let's – the police come and they search my house. Let's – and they take a bunch of property. Ten years later, nothing's happened. You're saying I have to prove that I need the property to get it back? I can just keep it? No, Your Honor. There's two ways. Okay. What's the way they should go, then? One is to show the governmental misconduct for lack of a better term. The second is that there is a need and a significant amount of time has passed. And then the – I think the first – And I don't need the property any more than I ever need any of my property. Maybe it was just stuff I had in a storage closet. But are they entitled to keep it forever unless I can show either that they misbehaved when they searched or that I need it particularly? I think that's right. I think even the Martinson case from this circuit touches upon that. After a certain amount of time, and they even refer to 18 months, that the government, even if it obtained that evidence legally, might have to justify their continued possession of it. One, maybe there's another question. Now, what kind of a proceeding should – do they do the – how can the defendant precipitate that kind of a proceeding? I think that they can go before the district court and make that request, and that the government would have to show why they need continued possession. Would this be under equitable jurisdiction? Yes, it would. So they still have to make a showing, or if the government never indicts, they never will get their property back. I think that's right. But I think that underlying it is the reason – or the basis of reasonableness and fairness. And if 18 months, as Martinson says, passes by, then the government would have to show why they need to continue showing it. It's been 18 months. It has. But the most important thing here is that on the record, and very importantly on the record, nothing has been requested that has not already been returned. There are a lot of allegations in the briefs, nothing of which was before the district court. What was this finding by the district court that the plaintiff failed to identify with specificity the remaining property needed? That's correct. Is the finding that there was not – some property has already been returned. Absolutely. And the finding was that there hasn't been a specific indication of what additional property was needed. That's correct. And that's part of the necessary first step before you can get into the equitable jurisdiction, to get jurisdiction for equitable jurisdiction. Exactly, from day one. What was asked for? Anything? I mean, no. No, nothing has been asked for on the record. The only things that were asked for were on day one, back in June of 2001, billing records. Those were returned to the satisfaction of the court within three weeks. There were a couple other requests at that time that were turned down by the district – by then-Magistrate Houston. Since then, we have not been back to court where anything specifically has been requested. And what makes that significant? So what they have to do is say, I need these financial records dated so and so. Right. And they've never identified those records, and so they haven't come to the place where they can get equitable jurisdiction. And until they do that, even though you wait 10 years to indict, they can't get their records back without assuring they need them. That's correct. I think at this point – I think at this point, once it's identified, then the government would have to show why the continued need is there, whereas that might be what is different between now and back in June of 2001. And that has been done in prior cases where there's – because of six e-secrecy issues, we would go to – in camera to the district court and explain why, if necessary, we would need that continued position. Are they entitled to get copies of their documents? I think if they're – yes. I think if it's reasonable – if it's not unreasonable to provide that. Why do you say that? Why wouldn't it be unreasonable to provide copies? See, I find this very troubling because at least what I've observed, and incorrectly, this is over the last several years, is there's a use of a generic, very broad warrant in cases. And when you're talking about a business, it has a practical effect of shutting down the business. It sees the computers, sees the records, sees everything. And in essence, if you don't indict, then you have the practical effect of shutting down the business without recourse. And even now you're saying, well, if they show a reasonable basis for getting copies of their financial records. There's so many burdens that you're – so many hurdles you're putting in place of defendants. It's quite troubling to me. I don't think it's as onerous as that, Your Honor. In fact, from – as I mentioned, back in June 2001, on the record, the government said, we are going to return – No, I understand in this case your argument's different. I guess I'm talking a little more conceptually that it seems to me that there's a point that there's a gap of procedural protection here. Well, I think in that – that's what the Ramsden case allows for the balancing test of certainly there's the continued interest by the subject of investigation, but there's also the interest of the government in investigating possible criminal activity. So in addition to those two things, there are other balancing tests that take that into consideration. Well, you know, under Bridges, it looks like you're warrants a dead bang loser in this case. So why don't you settle this case? One, I'm not the attorney investigating the rest of the case. But second of all, even – And of course, if I got the case again, I might not, you know, agree with my prior statement. But it certainly, Bridges, complicates your warrant. But I think it's important that even if the search was illegal, the government is still entitled to that property for the grand jury investigation. So it's almost – it's not irrelevant, but it is only relevant to whether or not there was callous disregard for the rights. And not whether or not there was an invalid search at this point. And to answer to one of the earlier points, there was not a final decision on whether or not this was a valid search, per se. The consideration of that went towards the final decision, whether there was callous disregard for the constitutional rights. Was the – as far as I can tell from the record, there's no way of knowing whether the government is pursuing anything. Is that correct? That's correct. At that point – the point was made back in June of 2001, but there have not been any hearings since then. Because there has not been made any request for specific evidence from the appellants to the government for specific information. So there's been – No, I meant the government doesn't seem to be doing anything in its criminal processes. Well, again, although I can't say – Yeah. I think that as – The record doesn't reflect that. In Anderson, I think we can assume, for at least purposes of today, that there will be or there is an ongoing investigation. If there's not, then the burden changes on us to justify further investigation. And we'll never know. There's no way any court's ever going to be able to say the burden has just changed because you'll say, well, we can't disclose whether we've got an investigation going on. No, I think that we can – that can be done in camera at the district court level. Okay. So based on that, I will wrap up. I don't believe that there is any basis because, namely, under the Anderson and DiBella cases, there's no jurisdiction to hear the motion to return property here because, one, it was not the sole motion. Namely, it was tied with the suppression motion. And two, because there is an ongoing – assuming there is an ongoing prosecution. That means that there's not even any review at this level. Regarding the motion to suppress, because it was found unripe, there was no equitable jurisdiction granted and, therefore, no final order on that issue and, therefore, no appellate court jurisdiction. Is the only reason that there isn't an in-camera proceeding here that the property wasn't specified? That's correct. That's correct. The information – the evidence that was specified from the first date was responded to, in fact, within three weeks. Well, you know, there are a lot of interesting jurisdictional questions here. But I wonder when the smoke clears whether or not you really are that far apart from the defendant. And if the circuit mediator would be of assistance to you, we would be happy to provide those services. Now, you may have your own reasons. I don't want to – it doesn't affect this appeal at all. We're going to go ahead and decide it. But if you desire that, it seems to me to settle some of the outstanding issues that you're not that far apart. Now, if you're – if both of you are interested in the overarching principles, of course, we'll decide it. No, in fact, I think that that's fine. I think the only difficulty here is we don't know what the issue is because it has not been identified. Yes, and that is a point you made effectively, yeah. And as far as how we do it in the future, I think that… And by my words, I wasn't criticizing you. No, I understand. It's just a theoretical possibility in other cases that it's a little bit troubling. I agree. And I think that the difficulty has only been establishing how we get here to this point. Thank you for your time. Thank you for your argument, yeah. You have 41 seconds for rebuttal. But I know you're a fast talker. I think that Judge Huston's order is in the report and recommendations. I think you'll find that's where he makes the comments on the warrant. The reason that you don't have – we did have specific items stated in our motion, including the BMW – not the registration, but the pink slip, which was an asset that was taken against the Fifth Amendment because there was no liability established to take an asset. Adoption papers were not taken against the Fifth Amendment. Correspondence, computer books, all kinds of things that were stated in the motion. There was no motion. It was taken under submission. There was no oral motion allowed in that second hearing. The court should know that. Her business was shut down. They were not returned within the time allotted by the court. They were returned 88 days later. It was too late to recapture all her patients and everything because they took things so far exceeding the motion.  Those were her current patients and they weren't returned for all that period of time. She couldn't recapture her business. I don't know if my time is up. Thank you. Thank you, ma'am. Let me ask a question, if I could. Okay, ma'am. The district court found that the – that there was a failure to identify with specificity the remaining property needed. That is, there was not an indication of what of this property was needed. Do you challenge that finding? Absolutely. And where in the record do you make your specific property that is needed? Where in the record does it show that you've made that specificity and that the district court was clearly erroneous in that finding? I don't know – I'm looking to see whether or not the motion to – to – Well, I looked for it in your brief and I didn't find it. I wondered if you're saying absolutely you did. I assume you have some record evidence that absolutely you did. It – it would – I think it would be in the points and authorities to quash search warrants. But – Excerpt page what? 17 on. 17i? That – 17 on. Motion – yeah, the points and authorities to quash the search warrants. It should be in there. And – and in there, if I read that, it's your representation. I'll find specific items that will be identified demonstrating the district court was wrong in saying that you failed to do so. I hope so. You know, you're the one that's supposed to be representing your client. It isn't hope so. You're to come prepared to tell us where the answers are. And we have here a specific finding. And if you say it's wrong, you've got to demonstrate it's wrong. You can't hope so. Right, Your Honor. I'm – I'm trying to remember everything that's in everything. And – and I believe it's in there. That's all I can say. I didn't find it in your brief. All right. Okay. Thank you. Thank you. Thanks for your argument. The case that's heard will be submitted. We'll proceed to the next case on the oral argument calendar, which is United States v. Estrada. Thank you, Your Honor. Thank you, Your Honor. I'm mispronouncing the name, I'm sure, of your defendant. Estrada Aguiar.
judges: Wallace, Canby, Thomas